FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JUL 27 A 11: 30

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

ARVELL L. BROOKS,

  Plaintiff,

v.

BOGMAN, INC., et al.

  Defendants.

Case No.: GJH-16-441

## MEMORANDUM OPINION

Plaintiff Avrell L. Brooks initiated this action on February 22, 2016. ECF No. 1. After examining Plaintiff's original Complaint, the Court found that it was insufficient and did not comply with federal pleading requirements. The Court granted Plaintiff an opportunity to amend the Complaint to provide brief, concise, and clear factual allegations in compliance with Federal Rule of Civil Procedure 8(a). ECF No. 3. Plaintiff was also directed to supplement his Motion for Leave to Proceed in forma pauperis, or pay the full filing fee because Plaintiff's initial filing did not list any income or assets, debts or expenses. ECF No. 2.

Plaintiff was advised that, although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007), as courts are "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986). The Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a

claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561.

Plaintiff was further advised that under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

The Court is in receipt of Plaintiff's Supplemental Complaint, ECF No. 4, and revised Motion for Leave to Proceed in Forma Pauperis, ECF No. 5. Because Plaintiff appears indigent, the Court will grant the Motion for Leave to Proceed in Forma Pauperis.

In Plaintiff's Supplemental Complaint—entitled "Affidavit of Response"—Plaintiff states in total:

> I: Arvell Brooks is entitled to relief, because of interference of my Property without being compensated. Who is the man or woman that is interfering with the use of my Property? Who authorize the man or woman to interfere with my Property? It is the exclusive use for me to enjoy my property. What is the complete Legal Lawful name of these people that is causing harm and Trespassing against my property? Did I default on a negative loan or a positive loan? I; expect to be compensated for the interference that cause me the use of my property and mental anguish I've endured.

ECF No. 4.

Plaintiff's additional filings do not cure the deficiencies noted in the Court's February 29, 2016 Order. Moreover, under 28 U.S.C. §1915(e)(2), a court may dismiss a case filed *in forma*

*pauperis* if it determines that the action is frivolous or fails to state a claim on which relief may be granted. *Neitzke v. Williams*, 490 U.S. 319, 327–28, 109 S. Ct. 1827 (1989). As recently noted by Judge Hollander:

> To be sure, this court is required to construe liberally a complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and to examine the complaint using a less stringent standard than for those drafted by attorneys, *id.; see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). This court must allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972), and must assume the . . . allegations [in the complaint] to be true, *Erickson*, 551 U.S. at 93. However, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted. Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See, e.g., Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a nonprisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed *in forma pauperis*). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. . . . [Dismissal is warranted if the complaint does not] contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

*Harris v. Janssen Healthcare Products*, No. ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. A separate Order follows dismissing this case.

Dated: July **27**, 2016

GEORGE J. HAZEL
United States District Judge